## CLEVELAND RAILWAY COMPANY v LESKO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11055. Decided May 18, 1931

538

Squire, Sanders & Dempsey, Cleveland, for Cleveland Railway Company.

J. J. Babka, and D. W. Spelman, Cleveland, for Lesko.

JUSTICE, PJ, and CROW and KLINGER, JJ, (3rd Dist), sitting.

JUSTICE, PJ.

The trial court, in part, instructed the jury as follows:

"In assessing damages, if you find the plaintiff is entitled to recover, and if you find that the defendant acted maliciously, you have the right if you think proper, to go beyond mere compensation and award exemplary or punitive damages for the punishment of the defendant. Now, the plaintiff is not entitled to this last item as a matter of right, but it is entirely in your right to allow it or not for the purpose of punishment. If you find that the defendant acted maliciously, you may assess exemplary damages. You may take into consideration a reasonable fee for counsel employed to prosecute this action."

. This is wrong. There is no evidence tending to show that the defendant corporation either authorized, participated in or ratified the assault, or that it failed to exercise due or reasonable care in selecting or retaining said conductor.

In **Columbus etc. Light Co. v Harrison, 109 Oh St 526,** the court said:

"In an action for personal injury for an assault upon a passenger by the employe of a corporation, punitive damages cannot be recovered against the corporation in the absence of evidence that the assault was authorized, participated in or ratified by the corporation or that the corporation has failed to exercise due and reasonable care in selecting or retaining its employe."

In **Tracy v Athens & Pomeroy Coal & Land Co. 115 Oh St 298** the following pronouncement appears:

"Exemplary or punitive damages being awarded not by way of compensation to the sufferer, but by way of punishment to the offender, and as a warning to others can only be awarded against one who has participated in the offense. A principal, therefore, though, of course, liable to make compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive or malicious intent on the part of the agent. In other words, where that which is tantamount to punitive or exemplary damages is to be recovered by reason of the wilful character of the wrongful act, proof of this knowledge and wilfulness on the part of the party producing the wrong must be made. The employer cannot be punished for the personal guilt of his servant or agent unless the employer authorized, ratified or participated in the wrongdoing. 5 Fletcher on Corporations, §3354; Mecham on Agency §2013, §2014, §2015. L. S. & M. S. Ry. v Prentice, 147 U. S. 101, 13 S. Ct. 261, 37 L. Ed 97."

In the instant case the record does not disclose that punitive or exemplary damages were not included in the verdict. Hence the charge is not only erroneous but prejudicial.

In **Kleybolte v Buffon, 89 Oh St 61,** our Supreme Court said:

"One of the controlling questions in the case was the question of damages. The jury was misdirected in reference to this, as the court erred in charging that defendant in error herein could recover exemplary or punitive damages and inasmuch as it does not appear affirmatively that punitive or exemplary damages were not included in the verdict, we think the error in the charge was prejudicial."

Inasmuch as error prejudicial to the de-

fendant has intervened during the course of the trial it follows that by reason thereof the judgment of the Municipal Court should be reversed.

Judgment reversed and cause remanded.

CROW and KLINGER, JJ, concur.